## STATE v. SQUIRES.

Whether the confessions of a person accused of crime are voluntary or not is a question of fact to be determined by the judge who tries the cause ; and his decision that they were voluntary and admitting the evidence will not be reversed, unless a case of clear and manifest error is shown.

In such a case, it is not sufficient to reverse the decision, that the witness pressed the respondent to disclose the really guilty party behind him, that he might be punished, and suggesting that he, the respondent, might be called as a witness against the really guilty party, in which case they would have to get him pardoned, telling him at the same time that he could make him no promises.

INDICTMENT for poisoning the horse of Reuben Kimball.

Subject to respondent's exception, Reuben Kimball was allowed to testify that the respondent, while in jail for another offence, confessed to him that he poisoned the horse, and that he was hired to do so by Mrs. Winegar. Kimball testified that he held out no inducement to Squires of any description.

Subsequently the respondent called C. W. Stanley, Esq., who testified that while acting as counsel for Kimball, he had an interview with respondent in jail before the above confession to Kimball. Mr. Stanley testified : " I told respondent I wanted him to tell the truth, and nothing but the truth ; that I did not want him to add perjury to any other crime that he had been guilty of; that under no circumstances should any statement which he might make to me be used against him ; that I could not promise him he should receive any benefit from it, but I could distinctly assure him that he should not receive any injury therefrom. I suggested to him that if he ever testified in the case, we should have to get him pardoned for the offence for which he was then confined, but again told him I should make him no promises. I told him that if under these circumstances he was willing to tell me the truth about it, I wished he would do so, and I would take it down. I think I stated that I came down at Kimball's request."

Respondent's counsel then asked Mr. Stanley to state certain portions of the confession then made by the respondent, but upon the suggestion of the counsel for the State, respondent's counsel asked Mr. Stanley to state the whole confession, and he did so. It was very similar to that afterwards made to Kimball.

Mr. Stanley further testified : " I had no authority from the prosecuting officers to hold out any inducement. I told Squires at the time he made the statement, that we supposed he was not the really guilty party ; that we thought there was somebody behind him, and that we wished to get at the real facts so that the really guilty party could be punished."

The length of time between the two confessions did not distinctly appear.

The respondent called the jailor, who testified that there was " a general talk" among the prisoners in respondent's hearing, " that they would

send respondent to State Prison, anywhere from one to twenty years ;" that it was sometimes said he would be sent for perjury ; sometimes for poisoning.

The witness further testified : "I think it was understood that he had made statements to Mr. Stanley. He was hazed after that; hazing talk was after the confession mostly ; it was all the way through."

After the introduction of the above testimony, the respondent moved that Kimball's testimony as to the confession should be rejected. The motion was denied, subject to exception.

Respondent having been convicted, moved to set aside the verdict by reason of the foregoing exceptions.

Ordered that the questions arising on the foregoing case, be reserved and assigned to the determination of the court at the next law term.

Ordered that the transfer be rescinded, and that the following addition be made to the statement of facts in the case drawn, viz : "The court were willing to transfer the questions of law, but respondent consented that the court should render judgment and sign a bill of exceptions."

*Clark & Huse* for respondent.

Confessions or disclosures, whether made before apprehension or after, if made under any threat, direct or implied promise, however slight, or encouragement of any *hope* of favor, or the exertion of any improper influence, are inadmissible in a criminal prosecution.   11 Vermont 116 ; 1 Greenleaf on Ev. § 219 ; 2 Russ. on Crimes 826 ; Whar. Crim. Law 313 ; 1 Mass. 144 ; 15 Mass. 161 ; 9 Pick. 496 ; 22 Maine 171 ; 2 Tyler 377 ; 15 Wend. 226 ; do. 231 ; 17 N. H. 182 ; 37 N. H. 182.

The statements made to the respondent by C. W. Stanley, Esq., to extort a confession, were sufficient encouragements of hope of favor, to render the confession inadmissible.   The assurance that " he should not receive any injury therefrom," was an encouragement, from which the prisoner might well imply that the confession desired would prove a benefit to him, although not directly promised.   The statement that " they should have to get him pardoned for the offence for which he was then confined" could not have been considered in any other light by the respondent, than as an implied promise that he should be pardoned, and was an improper influence to extort a confession.

Mr. Stanley was possessed of sufficient authority, as attorney for Reuben Kimball, that his inducements will exclude any confession obtained thereby. 1 Greenleaf on Ev. sec. 222 ; 2 Russ. on Crimes 839 ; 1 Phil. Ev. 407 ; 37 N. H. 182.

Kimball's testimony as to the confession was not admissible. The confession to Mr. Stanley having been obtained by undue means, subsequent statements under the influence of that confession cannot be admitted as evidence. 1 Greenleaf on Ev. sec. 221 ; 2 Russ. on Crimes 838 ; 17 N. H. 183 ; 10 Pick. 490 ; 37 N. H. 183.

It does not appear that the inducement had ceased to operate at the

time of this confession. This inducement must be shown to have been totally done away with or the subsequent confession must be rejected. 1 Greenl. on Ev. sec. 221.

*Attorney General* for the State.

Stanley was acting in behalf of his client, Kimball, and not for the State. He told Squires that he came to him at Kimball's request. The interview had reference to a civil suit against Mrs. Winegar. There was no reference to any criminal proceedings, and he had no authority to act for the State.

I.   The confession to Stanley was voluntary, and not obtained by the influence of hope or fear, and therefore competent evidence. 1 Greenl. Ev. § 219; *State* v. *Wentworth*, 37 N. H. 196; *State* v. *Grant*, 22 Maine 171; *Com.* v. *Morey*, 1 Gray 461.

It is not necessary that it should have been the prisoner's own spontaneous act. It will be received though it were induced by a promise of some collateral benefit or boon, no hope or favor being held out in respect to the criminal charge against him. 1 Greenl. Ev. 229, *State* v. *Wentworth, supra.*

It is not a sufficient exception to the evidence of a confession, that the respondent was urged to state where he was at a particular time, and to state it quick; there being no promises of favor, and no circumstances of intimidation. *State* v. *Howard*, 17 N. H. 171.

Whether a confession, made after the magistrate who issued the warrant had said to the prisoner that he " had better tell the truth," is admissible in evidence, *quaere*. *State* v. *Howard, supra.*

In the above case, Parker, C. J., says, that while there is very respectable authority to support such a rule, " we are by no means satisfied that judges, in their anxiety to preserve all the rights of the accused, have not gone further in excluding confessions than the principle required them to do."

Evidence of confessions obtained by the hope of favor, or by the fear of punishment, is inadmissible, because the inducements may have led to a false statement. *State* v. *Howard, supra.*

Stanley held out every inducement for the respondent to tell the truth and nothing but the truth.

II.   A confession made to a person who has no authority, upon an inducement held out by that person, is receivable. Joy on Confessions, sec. 2, p. 23; Roscoe's Cr. Ev. 46.

According to Professor Greenleaf, this is a question upon which learned judges are known to entertain opposite opinions. 1 Greenl. Ev. sec. 223.

The question has not been settled in this State, and probably does not arise in this case.

III.   Kimball held out to the respondent no inducements whatever.

The confession to Stanley being admissible, that to Kimball is of course competent evidence.

BELLOWS, J.   A confession is not admissible in evidence unless it was made freely and voluntarily, and not under the influence of promises .or threats; but to exclude the confession, the promises or threats must be such as to hold out a hope of some personal benefit, or a fear of some personal injury, of a temporal nature.

The confession will not be excluded because it was induced by spiritual exhortations, by promises of secresy, or by a promise of some collateral benefit or boon; no hope of favor being held out in respect to the criminal charge against the respondent.   Roscoe Cr. Ev. 38, 41, 42, 47; 1 Greenl. Ev. 219, 229; *State* v. *Wentworth,* 37 N. H. 218.

In the case before us, Mr. Stanley told the respondent he wanted him to tell the truth and nothing but the truth, and assured him that he should receive no injury from what he should say, but could not promise him he should receive any benefit from it.

So far, there was no promise of favor to the respondent; and the promise that what he said should not be used against him was in substance a promise of secresy, and does not invalidate the confession. Roscoe Cr. Ev. 47, and cases cited; *Rex* v. *Shaw,* 6 C. & P. 372; *Rex* v. *Thomas,* 7 C. & P. 345; 1 Greenl. Ev. sec. 229.

Mr. Stanley also stated to the respondent that they supposed that he was not the really guilty party, but thought there was somebody behind him, and they wished to get at the real facts so that the really guilty party could be punished; and suggested that if·he ever testified in the case they should be obliged to get him pardoned for the offence for which he was then confined, but again told him he should make him no promises.

The substance of this communication was that Mr. Stanley wished the respondent to disclose the really guilty person that he might be punished, with a suggestion that if the respondent should ever testify in the case they should have to get him pardoned for the offence for which he was then confined.

The important part of this is the suggestion that he might be a witness against the really guilty party which might naturally open to the prisoner's mind a prospect of favor to himself.   Had Mr. Stanley promised that he should be so used as a witness·in case he disclosed the guilty party, or had he encouraged him to expect it, the confession so obtained ought to be excluded, but it will be observed that on this very point Mr. Stanley told him that he should make him no promises.   To invalidate the confession upon this ground, it was necessary for the court to find a holding out or assurance by Mr. Stanley that the prosecution would so call the respondent to be a witness, and this would be. substantially equivalent to a promise which he expressly told the respondent he should not make.

If then the judge who tried the cause, in view of all the circumstances disclosed, with the witness before him, found that these confessions were

not made under the influence of a promise or holding out of favor, we should not be justified in disturbing the verdict on that account.

This question was one of fact to be determined by the court which tried the cause ; so it was held in *State* v. *Pike*, Rockingham county, June, 1869. In deciding it the court will take into consideration the age, character and situation of the prisoner at the time the confession was made ; whether he was under arrest for the alleged offence or not ; and generally will consider all the circumstances bearing upon the question, whether his confessions were made under the influence of fear or the hope of favor. It is obvious also that what might affect one person greatly, might have no effect whatever upon another. So in weighing the evidence on this point much may depend upon the appearance of the witness who is to testify to the confessions, and his manner of stating what inducements were held out, if any ; and from the nature of the case the decision of the court may in many cases be greatly and properly influenced by circumstances in the appearance of the witness or the respondent that could not be reported for the consideration of the whole court. 1 Greenl. Ev. 219.

We are therefore of the opinion that the decision of the court who tried the cause ought not to be reversed unless a case of clear and manifest error is made out ; and such is the doctrine of *Fiske* v. *Commonwealth*, 29 Penn. St. Rep. 429.

No such a case of clear and manifest error we think is shown here. Indeed the ruling of the court is fully sustained by the carefully considered case of *Com.* v. *Tuckerman*, 10 Gray 173, 195. That was an indictment for embezzling the funds of the Eastern Railroad Company, the defendant having been its treasurer. Samuel Hooper, one of the principal directors of that company, was called to testify to the confessions of the respondent ; and upon objection that these confessions were not voluntary, he stated that he had an interview with the respondent ; that Mr. Reed, who was present, urged him to make a full confession, and told him that the witness had influence with the directors and would see that he was not complained of or arrested ; whereupon the witness told him to stop there ; that he neither could or would make any promise ; that he had no power to bind the directors ; that he had no vindictive feelings against the respondent, and he must confide in him to do what was right ; that he, (the witness), neither knew what his power or duty was, or what was right to do ; that respondent was reluctant to speak for a good while, and Reed tried very hard to persuade the defendant ; says he (witness), told him he had not the power, was only one of the directors, and did not know what was proper and right for him to do ; told him he had not the power, but had no vindictive feeling and would do all in his power that he properly could do to prevent his arrest, or any proceedings by the directors. In about half an hour respondent seemed to change and make up his mind, and he made a general statement of his defalcations.

The court hold the confessions admissible, saying : "Not only were no promises of favor made, but the defendant was repeatedly warned, in substance, that none could or would be made, and that he must de-

cide for himself whether to disclose or not; and the court hold that there is no reason to suppose that his disclosure was under the influence of a promise of favor, but rather in the confidence entertained in his own mind, that it would mitigate the resentment or disapprobation of those whom he had injured.

In *Fife* v. *Commonwealth*, 29 Penn. St. Rep. 429, where several persons were charged with an offence, and the jailor told one of them after her arrest that if the commonwealth should use any of them as a witness he supposed it would prefer her to either of the others, and she afterwards on the same day confessed to the magistrate, who told her it might be used against her, it was held that the confession was admissible; that there was no promise but a mere statement of an opinion; and that the question was one of fact for the court to decide.

See also *Com* v. *Morey* 1 Gray Rep. 461, where a person told a prisoner that he thought it better for all concerned in all cases for the guilty party to confess, though he supposed it would make no difference as to legal proceedings, but it was considered honorable to confess if guilty. It was held that the confession was properly admitted.

In the earlier cases there has been much conflict upon this subject resulting in some degree from failing to recognize the question to be largely one of fact alone, to be determined upon a consideration of all the circumstances of the case. Instead of which some of the cases seem to have given to particular expressions a technical character and to have excluded the confessions, where upon a consideration of all the circumstances it would not have been found, as matter of fact, that the confessions were made under the influence of hope or fear held out by another.

In view of this tendency, and the consequent conflict, that eminent judge, Baron Parke, in *Regina* v. *Baldry*, 12 Law & Eq. 590, remarks: "I confess that I cannot look at the decisions without some shame, when I consider what objections have prevailed to prevent the reception of confessions in evidence; and I agree with the observation of Mr. Pitt Taylor that the rule has been extended quite too far, and that justice and common sense have too frequently been sacrificed at the shrine of mercy." A somewhat similar view is expressed by Chief Justice Parker, in *State* v. *Howard*, 17 N. H. 181, saying "we are by no means satisfied that judges, in their anxiety to preserve all the rights of the accused, have not gone further in excluding confessions than the principle required them to do."

The case here stands much like the finding of the jury on a question of fact; and we are not aware of any reason why it should not be so. Whether the confession of the prisoner was voluntary or not is purely a question of fact; as much so as the question whether a witness offered to testify was interested or not, or whether a witness was qualified to testify as an expert, or whether the loss of a paper has been shown so as to allow the introduction of secondary evidence of its contents. In this and the like cases, the judge who tries the cause must decide, although in some instances he may submit the question of fact to the jury.

In either case, whether the decision be by the judge alone, or it be also passed upon by the jury, no exception lies so far as the question is

one of fact. If, however, upon the evidence reported by the judge, it clearly appears that there was error in his finding upon the matter of fact it may be corrected as in other cases where a verdict is against evidence.

Upon these views we think there is no error in the admission of the respondent's confessions, and

*The exceptions are overruled.*