Rockingham,
No. 6096.

### STATE *v.* WILLIAM A. GELDART, JR.

June 30, 1971.

*Warren B. Rudman,* Attorney General, and *Henry F. Spaloss,* Assistant Attorney General ( *Mr. Spaloss* orally ), for the State.

*William P. Shea* ( by brief and orally ) for the defendant.

KENISON, C.J. The question presented in this case is whether an oral confession made after *Miranda* warnings at the scene of a burglary within minutes after arrest and subsequently reduced to writing within two or three hours was a voluntary confession as found by the trial court. The defendant was indicted for aiding and abetting in the commission of a burglary. At a pretrial hearing, at which the defendant did not testify, the Court ( *King, J.* ) found the confessions to be voluntary and reserved and transferred the defendant's exceptions thereto.

About eleven o'clock in the evening law enforcement officers were called to a residence at which a burglary was in progress. According to the testimony at the pretrial hearing they saw someone run behind a large propane tank outside the residence and

discovered the defendant hiding himself there. He was handcuffed and placed in a police cruiser. The arresting officer fully advised him of his rights in accordance with the requirements of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 ( 1966 ), but did not question him at that time. Shortly thereafter, a second officer arrived and sat in the back seat with the defendant. After the defendant complained that the handcuffs hurt him because "he had a burn or something on his hand," the officer had them removed. The officer then asked him who else participated in the burglary. That officer told the defendant that he ought to make it easy on himself and tell who was with him and that if he cooperated things would probably go better for him. "Within a minute or two" defendant stated the names of his brothers, who participated with him in the burglary, and confessed his part therein.

The defendant was taken to the county jail where within two or three hours after his arrest he signed a written confession of his part in the burglary. The written confession was preceded by the following statement in part: "I have been duly warned . . . that I do not have to make any statement at all, and that any statement I make may be used in evidence against me on the trial for the offense concerning which this statement is herein made. Without promise or hope of reward, without fear or threat of physical harm, I freely volunteer the following statement. . . ." The confession also stated that "I told them about the burglary . . . without promise or hope of reward. I have read this statement . . . and the facts contained therein are true and correct . . . ."

There is uncontradicted testimony that none of the police officers made any promises or threats to the defendant or offered any inducement that they would drop the prosecution. The court specifically determined that "There was no atmosphere here of pressure, of force or power or over-reaching that would under the *Miranda* case result in ruling out this confession." In ruling that the confession was voluntary the court stated that the defendant did not confess because of the statements made by the officers and that the time-lapse between the oral confession and the signing of the written confession in any case would have dissipated any improper inducement that might have been suggested at the time the defendant made his oral confession.

In cases in which it is alleged that proper warnings were not given the defendant, or where it is alleged that the suspect was given an improper inducement which rendered his confession

1971 ). The circumstances include balancing the utility of the use against the gravity of the harm suffered by the plaintiff and if it meets the above test plaintiff is entitled to damages even though she could not obtain an injunction. *Antonik* v. *Chamberlain,* 81 Ohio App. 465, 78 N.E.2d 752 ( 1947 ).

The plaintiff in this case did not seek to abate the nuisance but sought damages. " In estimating the damage to real estate where the harm is to the value of the premises, the difference is taken between the value of the premises before and after the nui-sance where the nuisance in not abatable. " 1 Harper & James, Law of Torts *s.* 1.30, at 92 ( 1956 ). The plaintiff here presented expert testimony which supported the verdict for the diminution in value resulting from the nuisance. The jury were properly in-structed to balance the utility of defendant's use against the harm to the plaintiff. The evidence supported a finding that the damage she suffered was one that under the circumstances she ought not to be required to bear without compensation.

*Defendant's exceptions overruled.*

All concurred.