Rockingham
No. 7532

STATE OF NEW HAMPSHIRE

v.

JAMES E. PHINNEY, JR.

February 28, 1977

*David H. Souter,* attorney general and *Richard B. Michaud* (*Mr. Michaud* orally) for the state.

*John F. Cullity,* of Manchester, and *Raymond A. Burgess* (*Mr. Burgess* orally) for the defendant.

GRIMES, J.    The issues in this appeal from a conviction for arson are whether certain confessions should have been excluded as being involuntary and whether the trial court erred in using the preponderance standard in initially passing upon the admissibility of the confessions. We hold that the confessions were not inadmissible as a matter of law but that the trial court should have used the reasonable doubt test in determining admissibility of the confessions.

Prior to trial the defendant moved to suppress two signed statements. After hearing, the trial court ruled that "on the preponderance standard of *Lego v. Twomey*, 404 U.S. 477 . . . the Court finds that the confessions were given voluntarily. . . ." Following a trial before a jury during which the statements were introduced defendant was found guilty of having burned his home on March 9, 1975. Defendant's exceptions were transferred by *Cann*, J.

■ In his charge the court properly instructed the jury that before the confessions may be considered as evidence, the state would have to show beyond a reasonable doubt that defendant had been warned of his constitutional rights, that the defendant waived those rights, "and that the statements were given voluntarily."

■ Defendant contends that the evidence compels the exclusion of the confessions because they were given in response to a promise by the police that they would talk to the judge to see if he would release defendant on his personal recognizance instead of the $5,000 cash bail previously set. It is undisputed that defendant, whose wife was pregnant, was concerned about losing his job and sought to be released on his own recognizance because of his inability to raise the bail. One of the officers agreed to talk to the judge about it. However it is findable that the statements were not induced by any promise that was made, but that the defendant himself initiated the meetings to give his statements and that his decision to talk was arrived at before and independent of any agreement on the part of the officers to talk to the judge. *State v. Geldart*, 111 N.H. 219, 279 A.2d 588 (1971); C. McCormick, Evidence § 150, at 323 (2d ed. 1972).

■ It is clear from the trial court's statement that the preponderance standard of *Lego v. Twomey*, 404 U.S. 477 (1972) was used in determining voluntariness. That standard was held in *Lego v. Twomey* to satisfy the federal constitutional requirements, but it was also made clear that the states were free to adopt a more strict standard under their own law. *Id.* at 489. As early as 1845, it was suggested that the reasonable doubt standard be used in determining the voluntariness of confessions, *State v. Howard*, 17 N.H. 171, 183–84 (1845). *But see State v. Squires*, 48 N.H. 364, 369 (1869). In fact that was the standard adopted by the Supreme Court of the United States in *Bram v. United States*, 168 U.S. 532, 565 (1897).

The danger of admitting involuntary confessions is as great now as it was then and the policy considerations for excluding confessions which are involuntary are as compelling now as they ever were. There is always the danger that a defendant's involuntary confession will be admitted against him. The preponderance test does not provide a sufficient safeguard against that danger. The adoption of the preponderance standard would amount to a determination that it is no more serious for an involuntary confession to be admitted than it is for a voluntary one to be excluded. *See In Re Winship*, 397 U.S. 358, 371 (1970) (Harlan J., concurring); *Lego v. Twomey*, 404 U.S. at 494 (Brennan J., dissenting); *Burton v. State*, 260 Ind. 94, 292 N.E.2d 790 (1973); *State v. Peters*, 315 So. 2d 678, 681 (La. 1975); *State v. Bowden*, 342 A.2d 281, 285 (Me. 1975).

A confession is a special type of evidence. Its acceptance basically amounts to conviction. Confessions are usually obtained in the psychological atmosphere of police custody and in the greatest secrecy in which the cards can be stacked against the accused. He has no means of combating the evidence produced by the police save by his own testimony. The stakes are too high and the risk of error too great to permit a determination of admissibility to be decided by a balance of probabilities.

■ Because the trial court admitted the evidence under the balance of probabilities standard, the case is remanded for a determination, on a review of the record, whether the confession was voluntary beyond a reasonable doubt. If the trial court so finds the conviction may stand, otherwise there must be a new trial.

*Remanded.*

DOUGLAS, J., did not sit; LAMPRON, J., dissented in part; the others concurred.

LAMPRON, J., dissenting in part: I would overrule the defendant's exception relating to the use by the trial court of the preponderance of evidence test in deciding whether defendant's confession should have been admitted in evidence. *Lego v. Twomey*, 404 U.S. 477 (1972).