Rockingham
No. 78-160

THE STATE OF NEW HAMPSHIRE

v.

RONALD GULLICK

December 29, 1978

*Thomas D. Rath*, attorney general, and *Peter W. Mosseau*, attorney (*Peter W. Heed*, assistant attorney general, orally), for the State.

*Glenn G. Geiger, Jr.*, of Penacook, by brief and orally, for the defendant.

BOIS, J.    The defendant was indicted for a burglary alleged to have been committed in Portsmouth on June 30, 1977. Before and during the course of the trial, defendant seasonably excepted to the denial of various motions, including a motion to suppress certain

statements made to the police, a motion for payment of the witness expense of his sister who he "believed" was with him at the time of the alleged crime, and a motion for discovery (in part). He also excepted to certain rulings admitting and excluding evidence. Prior to trial, the defendant had moved to suppress the oral statements. After the suppression hearing, the Trial Court (*Cann, J.*) entered the following order: "The motion to suppress is denied; exceptions noted." Following a jury trial, during which the oral statements were introduced, the defendant was found guilty. All questions of law raised by defendant's exceptions were reserved and transferred.

Defendant Gullick, an enlisted man in the United States Air Force, was ordered to report to his commanding officer. From there he was escorted to the Office of Special Investigations for an interview with two members of the Portsmouth Police Department, Charles M. Conner and William P. Mortimer. An investigator from that military office was also present. Detective Conner read the defendant his *Miranda* rights from the police department's waiver-of-rights form that stated:

PORTSMOUTH N.H. POLICE DEPARTMENT
WAIVER OF RIGHTS

[This portion is to be read and explained by the officer]

Before I ask you any questions, you must understand your constitutional rights. I will read this list of rights to you, and explain them so you understand them. I will also make it clear that this is a form to voluntarily waive these rights. If you decide to waive them and make a statement, they will again be explained to you following the taking of your statement, so that you are sure you fully understand them. Your rights are as follows:

1. You have the right to remain silent.

2. Anything you say can and will be used against you in a court.

3. You have the right to talk to an attorney for advice before any questioning, and to have him with you during the questioning.

4. If you cannot afford an attorney and you desire to talk to one, one will be appointed for you before questioning.

5. If you decide to answer questions now without an attorney present, you still have the right to stop answering at any time.

You also have the right to stop answering at any time to consult with an attorney before questioning resumes.

READ AND EXPLAINED BY    (s) <u>Charles M. Conner</u>
TIME: <u>16:12 P.M.</u>

(this portion to be read by the subject)

I have read and have had read and explained to me the above declaration of my rights, and I fully understand what my rights are. I am willing to waive these rights at any time and make a statement and answer questions. I do not want an attorney at this time, nor do I wish to converse with one before I answer the questions. I know and understand what I am doing. No threats or promises have been made to me, and no force, pressure or coercion af[sic] any kind has been used against me.

WITNESS: (s) <u>Charles M. Conner</u>   SIGNATURE (<u>x</u>) (s) <u>R</u>

WITNESS: (s) <u>William P. Mortimer</u>   DATE (<u>x</u>)   TIME (<u>x</u>)

(this portion to be filled out after statement is obtained)

REAFFIRMATION OF WAIVER: The entire statement I have made and signed consisting of _____ pages was made by me after I carefully considered the rights I was giving up in making the statement. At no time while I was being questioned or was making the statement did I decide or indicate any desire to reclaim these rights.

WITNESS:                          SIGNATURE

WITNESS:               DATE:               TIME:

(Pencil Notation added)

Gullick refused to sign waiver—but orally agreed to waive and talk with us. WPM.

According to the testimony of Detective Conner at the suppression hearing, the defendant started to put his signature on the waiver form, but then stopped and stated: "I'm not sure I should sign this." He was then told "[i]f you agree to talk to us and understand this, you do not have to sign, if you do not wish, as long as you understand this is what we are interested in." Detective Conner further testified that the defendant "agreed to speak to us, understanding his rights," and he was certain that the defendant was only reluctant to sign the waiver and not unwilling to speak to the police. At the suppression hearing, the defendant testified that "Being under the circumstances that it was I talked to him, but it wasn't a feeling of—I felt that I had no choice because I was escorted there by one of my commanding officers. I was there. I had to talk." At trial he testified

as follows: "He gave me a paper, I know what it was, it was the *Miranda* rights. I read it. I attempted to sign it. As I was reading it I changed my mind because there was something on this I didn't understand. I told him I didn't feel I wanted to sign this but I was willing to talk to him and I did so."

We first consider the denial of the motion to suppress. The law in New Hampshire is clear that "before the confessions may be considered as evidence, the state would have to show beyond a reasonable doubt that defendant had been warned of his constitutional rights, that the defendant waived those rights, 'and that the statements were given voluntarily.' " *State v. Phinney*, 117 N.H. 145, 146, 370 A.2d 1153, 1153 (1977).

The record in the present case does not demonstrate that the defendant *waived* his *Miranda* rights; rather, it only suggests that the defendant *understood* his rights. The State concedes this, but argues that the defendant's conduct and willingness to talk to the police after the warning was tantamount to a waiver. We disagree. " 'Courts indulge every reasonable presumption against waiver' of fundamental constitutional rights." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The policy of *Miranda v. Arizona*, 384 U.S. 436 (1966), requires that the waiver of the right to remain silent during custodial interrogation be made "voluntarily, knowingly and intelligently." *Id.* at 444; *accord, United States v. Christian*, 571 F.2d 64, 69 (1st Cir. 1978); *see State v. Butler*, 117 N.H. 888, 379 A.2d 827 (1977). We hold that the record in the present case, when reviewed under the reasonable doubt standard, does not sustain the trial court's ruling that the defendant waived his *Miranda* rights. *State v. Phinney*, 117 N.H. 145, 370 A.2d 1153 (1977).

In *Phinney*, we remanded the record to the trial court to determine specifically whether the "beyond a reasonable doubt" test had been met. The State admits that the record in the present case is silent in this respect and that the court made no explicit finding that the defendant had voluntarily waived his *Miranda* rights beyond a reasonable doubt. It argues, however that there is a presumption that the trial court applied the proper test and that the court's finding is impliedly in accord with that application.

We reject this argument. We hold that the trial court, at a suppression hearing on the issue of the voluntariness of an oral or written waiver of a defendant's *Miranda* rights, is hereafter required to enter an express finding that the waiver (and any confession) was voluntary beyond a reasonable doubt.

In conclusion, we hold that a review of the record and evidence in the instant case does not support a finding that the defendant's waiver of his *Miranda* rights was voluntary beyond a reasonable doubt. We hold as a matter of State law that the statements were inadmissible and should have been suppressed.

It is unnecessary to consider the other exceptions presented in view of our conclusion on this issue.

*Exceptions sustained; new trial.*

All concurred.