Hillsborough
No. 82-202

# The State of New Hampshire

v.

## Cosco Copeland

October 26, 1983

*Gregory H. Smith*, attorney general (*Gregory W. Swope*, attorney, on the brief, and *T. David Plourde*, attorney, orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, J. The defendant, Cosco Copeland, was convicted on three indictments charging him with burglary, theft of firearms, and disposing of stolen firearms. The sole issue on appeal is whether the Superior Court (*Dalianis*, J.) erred when it ruled that a confession the defendant had made to the police was admissible at trial. The defendant argues that, as a matter of law, the State failed to meet its burden of proving beyond a reasonable doubt that the confession was made voluntarily. We disagree and affirm.

The defendant was arrested in Nashua on the evening of October 15, 1981, in connection with the burglary of a residence in Francestown early that morning. The arresting officer, a trooper in the New Hampshire State Police, advised the defendant of his *Miranda* rights both before and after he was transported to the Nashua Police Station. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The defendant initially refused to talk to the police or sign a waiver of his rights, and he was taken to a holding cell. Approximately ninety minutes later, however, he agreed to sign a waiver and immediately thereafter made an inculpatory statement to the State trooper. He was subsequently indicted by the Hillsborough County Grand Jury under RSA 635:1 (burglary), RSA 637:3 (theft of firearms), and RSA 637:7 (disposing of stolen firearms).

Before trial, the defendant moved to suppress his statements to the police, alleging that after his arrival at the police station and before making any statements, he had four times requested and been denied access to an attorney. If this claim could be substantiated, the State would then have had the burden of proving that the defendant had waived his right to counsel voluntarily, and not as the result of police-initiated custodial interrogation. *State v. Nash*, 119 N.H. 728, 733, 407 A.2d 365, 368 (1979).

At the hearing on the motion to suppress, the defendant testified that he requested counsel while a Nashua police detective escorted him to the holding cell. He also testified that the detective, both at that time and shortly thereafter, questioned him about the burglary, threatened him with high bail and a long prison sentence if he failed to make a statement, and promised to "put in a word" to help assure his release on personal recognizance if he agreed to answer ques-

tions. The detective did not testify and was not present either at the hearing or at the defendant's trial later that same day. The arresting State trooper, who was not in the police station during the time it is alleged that the defendant was questioned by the detective, testified unequivocally that the defendant never asserted his right to counsel and was never threatened in his presence.

The court denied the motion to suppress. It stated that the defendant's "testimony generally lack[ed] credibility," and that, "regardless of any interchange with [the detective], . . . [the] defendant voluntarily waived his rights, beyond a reasonable doubt, prior to giving his statement to [the State trooper], against whom no improper conduct is even alleged." The court ruled that the failure of either party to produce the detective was immaterial in view of the court's finding that the "defendant did not invoke his right to counsel." The confession was admitted into evidence, and the defendant was convicted on all three charges.

On appeal, the defendant makes no argument that his right to counsel was denied. Rather, he relies exclusively on the rule that the State must prove beyond a reasonable doubt that any confession introduced into evidence was made voluntarily. *State v. Phinney*, 117 N.H. 145, 370 A.2d 1153 (1977). He argues that his testimony at the suppression hearing concerning threats and promises made by the detective, coupled with the State's failure to call the detective as a witness, was sufficient as a matter of law to create a reasonable doubt as to the voluntariness of his confession.

■ In proving voluntariness, the State must show that a confession was "the product of an essentially free and unconstrained choice," *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973), and was not "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Bram v. United States*, 168 U.S. 532, 542–43 (1897); *see Phinney, supra* at 147, 370 A.2d at 1154.

■■ If the State fails to carry its burden of proof on the voluntariness issue, the conviction cannot stand, regardless of any other evidence presented by the State. *Haynes v. Washington*, 373 U.S. 503 (1963). However, a finding on this question "by the trial judge who stands in the best position to weigh the credibility of the witnesses will not be overturned on review unless contrary to the manifest weight of the evidence." *State v. Geldart*, 111 N.H. 219, 221, 279 A.2d 588, 590 (1971) (quoting *People v. McGuire*, 39 Ill. 2d 244, 249, 234 N.E.2d 772, 775 (1968)); *see also State v. Noel*, 119 N.H. 522, 526–27, 404 A.2d 290, 292–93 (1979).

■■ The State made out a *prima facie* case for voluntariness when it introduced the testimony of the State trooper and the waiver form signed by the defendant, which read in part: "No promises or threats have been made to me, and no pressure of any kind has been used against me." The only contrary evidence was the defendant's own testimony. That testimony was inconsistent with his motion to suppress, which failed to allege that his confession was coerced. The suppression hearing also brought out the fact that the defendant had been arrested many times before and was thoroughly familiar with arrest procedure. We therefore find no reason to question the trial court's refusal to credit the defendant's testimony. The court may disbelieve the testimony of any witness, even if no evidence is introduced to rebut it. *Roy v. Perrin*, 122 N.H. 88, 95, 441 A.2d 1151, 1155 (1982).

■■ The defendant argues that the State's failure to call the detective as a witness creates an inference that his testimony would have been favorable to the defendant. Such an inference may be drawn only when the witness is not "equally available (or unavailable) to both sides." *State v. Ramos*, 121 N.H. 863, 869, 435 A.2d 1122, 1126 (1981). Since the defendant made no effort to produce the detective either at the hearing or at the trial, he is not entitled to have any inference drawn from the State's failure to produce him.

*Affirmed.*

DOUGLAS and SOUTER, JJ., did not sit; the others concurred.