Cheshire
No. 83-240

### THE STATE OF NEW HAMPSHIRE

v.

### RANDALL LAMB

September 27, 1984

*Gregory H. Smith,* attorney general (*Donald J. Perrault,* assistant attorney general, on the brief, and *Robert Muh,* attorney, orally), for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

SOUTER, J. ██ In this appeal from two felony convictions for receipt of stolen property under RSA 637:7, the defendant makes three assignments of error by the Superior Court (*Dalianis,* J.). He first claims that the court erred in failing to find that the lapse of five and one-half months between indictments and trial abridged his right to a speedy trial. At the time of indictment, the defendant was subject to another charge, which was not disposed of for some two months thereafter. A further delay of some three and one-half months before trial on two felony charges is not presumptively prejudicial under the standard of *Barker v. Wingo,* 407 U.S. 514 (1972), and the trial judge committed no error in refusing to dismiss the indictments for lack of speedy trial.

██ Next the defendant raises two claims of error in the denial of his motion to suppress statements made to two police officers. When the police questioned him about the present offenses, he was represented by counsel on another charge. Counsel was not present at the time the State alleges he waived his right to silence. The defendant argues that waiver should therefore be precluded as a matter of law, by grafting onto part I, article 15 of the State Constitution the rule applied in the New York case of *People v. Rogers,* 48 N.Y.2d 167, 397 N.E.2d 709 (1979). The court there held that when a defendant is represented by counsel on any criminal matter, the police may not seek a waiver of his right to counsel during questioning on an unrelated criminal matter unless counsel is present when the police seek to obtain the waiver. *Cf. Brewer v. Williams,* 430 U.S. 387 (1977). The possibility of such a rule in this State is foreclosed by our holding in *State v. Scarborough,* 124 N.H. 363, 470 A.2d 909 (1983), that a valid waiver of the right to the presence of counsel does not require the presence of counsel.

██ The defendant is entitled to relief, however, under his third assignment of error, that the trial court violated the requirement of *State v. Gullick,* 118 N.H. 912, 915, 396 A.2d 554, 556 (1978): "the

trial court, at a suppression hearing on the issue of the voluntariness of an oral or written waiver of a defendant's *Miranda* rights, is hereafter required to enter an express finding that the waiver (and any confession) was voluntary beyond a reasonable doubt."

The trial judge in this case made no explicit findings and thereby failed to satisfy the *Gullick* requirement. Since the record before us does not indicate clearly that the trial judge applied the reasonable doubt standard required by *State v. Phinney*, 117 N.H. 145, 370 A.2d 1153 (1977), there is no occasion to apply the holding in *State v. Radziewicz*, 122 N.H. 205, 443 A.2d 142 (1982), to avoid vacating the order denying the motion to suppress. The failure to follow the *Gullick* rule is particularly significant in this case, because the two police officers who questioned the defendant did not expressly address the issue of waiver in their testimony.

We caution the trial courts to follow the *Gullick* standard without fail. Because the trial judge did not follow it here, we must vacate the order denying the motion to suppress and remand the case for a new hearing on that motion.

Since there is a transcript of previous testimony, it is within the trial judge's discretion to receive further evidence or to decline to do so. In the exercise of our supervisory jurisdiction, we caution the trial judge to observe great care in dealing with the issue of waiver in this case. If the court finds that the State has not carried its burden, it must entertain a motion to vacate the judgments and to grant a new trial.

*Remanded.*

All concurred.