Rockingham
No. 85-287

THE STATE OF NEW HAMPSHIRE

v.

JAY WOOD

December 5, 1986

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Jay Wood, appeals his conviction on two counts of aggravated felonious sexual assault, RSA 632-A:2. The sole issue on appeal is whether the Superior Court (*Gray*, J.) erred when it ruled that a taped statement the defendant made to the police was admissible at trial. The defendant argues that his taped statement was induced by misleading legal advice from a police officer and was therefore involuntary. We find no error and affirm.

The defendant was arrested outside his home on September 1, 1983, on charges of assault, RSA 631:1, and aggravated felonious sexual assault, RSA 632-A:2. He was advised of his *Miranda* rights both before and after he was transported to the police station. While at the station, the defendant informed Officer Brochu that he understood his rights, signed a waiver of rights form, and agreed to talk with the police. At some point during their lengthy conversation, Officer Brochu and the defendant discussed the subject of rape. The defendant claims that Brochu led him to believe that a true rape means lying in wait and attacking a stranger. He further claims that Brochu suggested that sex between people who are not strangers which takes place at the man's house after the woman willingly goes home with him is far from rape. According to Officer Brochu, following this discourse on the definition of rape, the defendant started talking "a little bit more, then he finally came up with a story that was somewhat coherent." The defendant thereafter made a taped statement in which he admitted having sexual intercourse with the victim, but alleged that it was consensual.

Prior to trial, the defendant moved to suppress "any statements made by the defendant and the fruits thereof." At the hearing on the motion to suppress, the defendant argued that the taped statement should have been suppressed because it was not voluntary. The trial court found the statements voluntary and denied the motion to suppress. The taped statement was subsequently played for the jury at trial.

On appeal, the defendant contends that by giving "misleading advice" on the definition of rape, the police "impliedly promised the defendant that his confession to the police would help his defense and not hurt him," and that this false promise rendered his statement involuntary and thus inadmissible.

In the absence of any specific reference to the State Constitution in the defendant's pre-trial motions to suppress, the notice of appeal, or the briefs submitted to this Court, we do not consider its application in this case. *See State v. Reynolds*, 124 N.H. 428, 432, 471 A.2d 1172, 1173–74 (1984); *see also State v. Dellorfano*, 128 N.H. 628, 632–33, 517 A.2d 1163, 1166 (1986). We therefore need decide only whether admission of the allegedly involuntary statement violated the defendant's rights under the fifth amendment to the Federal Constitution. *See Dellorfano, supra* at 633, 517 A.2d at 1166.

To prove that a statement is voluntary, the State must show that the statement was " 'the product of an essentially free and unconstrained choice,' and was not 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.' " *State v. Copeland*, 124 N.H. 90, 92, 467 A.2d 238, 240 (1983) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973), and *Bram v. United States*, 168 U.S. 532, 542–43 (1897)). In essence, the defendant contends that he was deceived or induced by Officer Brochu into admitting that he had had sexual intercourse with the victim.

From our reading of the record in this case, we are not convinced that the police officer's "advice" was misleading. As the State suggests, Officer Brochu's description could be reasonably interpreted as an attempt to explain that consensual sexual intercourse does not constitute rape. This, of course, is a correct statement of the law. Further, the defendant appeared to understand this to be the point of the discussion when he gave his statement to the police. In his statement, the defendant admitted having sexual intercourse with the alleged victim, but contended that it was consensual.

Even were we to agree with the defendant's assertion that the police officer's description was misleading, as the defendant concedes in his brief, false information, inducements, or promises by police, standing alone, do not mandate exclusion of an incriminating statement. *See Reynolds, supra* at 434, 471 A.2d at 1175; *Frazier v. Cupp*, 394 U.S. 731, 739 (1969). A determination as to the voluntariness of a statement must "be made in light of the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *State v. Damiano*, 124 N.H.

742, 747, 474 A.2d 1045, 1048 (1984) (quoting *Schneckloth, supra* at 226). The court should look at the factual circumstances surrounding the statement, the psychological impact on the defendant, and the legal significance of how the defendant reacted, in order to determine whether the police exerted such an influence on the defendant that his will was overborne. *Schneckloth, supra* at 226; *Reynolds, supra* at 434, 471 A.2d at 1175. The question of the voluntariness of the defendant's statement is a question of fact for the trial court. *Reynolds, supra* at 434, 471 A.2d at 1175. A finding on this question will not be overturned on appeal unless contrary to the manifest weight of the evidence. *Reynolds, supra* at 434–35, 471 A.2d at 1175.

Our review of the record satisfies us that there was more than sufficient evidence to support the trial court's decision to allow the defendant's taped statement into evidence. *See Nix v. Williams,* 467 U.S. 431, 444 n.5 (1984); *Lego v. Twomey,* 404 U.S. 477, 489 (1972). The defendant, a high school graduate in his late twenties, was read his *Miranda* rights after his arrest and again before he gave his taped statement. He voluntarily waived these rights each time. Moreover, during the taped session Officer Brochu specifically asked the defendant if he was coerced or threatened in any way to give the taped statement. The defendant responded in the negative. Further, we find no evidence that the police coerced the defendant or treated him unfairly.

 The trial judge, having the benefit of listening to the testimony of the defendant and the police officer at the suppression hearing, made an express finding that the defendant's statement was voluntary. The trial court's finding was not contrary to the weight of the evidence. Accordingly, we affirm the denial of the motion to suppress.

*Affirmed.*

All concurred.