Merrimack
No. 88-190

THE STATE OF NEW HAMPSHIRE

v.

RICHARD RATHBUN

July 14, 1989

*John P. Arnold,* attorney general (*Tina Schneider,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

SOUTER, J. Having been convicted of armed robbery, RSA 636:1, III, and kidnapping, RSA 633:1, the defendant appeals the denial by the Superior Court (*Mohl*, J.) of his motion to suppress a statement given to the police shortly after his arrest. We affirm.

After abducting a woman and taking her car from the parking lot of the New London Hospital, the defendant was arrested in the aftermath of a high speed chase and his attempt to flee on foot. It could be found that an Officer Wright read the *Miranda* warnings to him in a police cruiser, although there is no evidence that the defendant waived any rights. He was not questioned in the cruiser and made no statements there.

At the New London police station he was given the warnings again, this time by an Officer Kimtis. There was conflicting evidence on waiver. Officer Wright testified that he believed the defendant refused to answer any questions. Officer Kimtis, on the other hand, testified that the defendant said he understood the rights and was willing to answer questions, although his refusal to sign a statement to that effect on the *Miranda* form led the officer to write "refused" in the signature space.

Officer Kimtis also testified that the defendant then made a "spontaneous statement" that he did not know why he had done such a thing and wished to kill himself. In cross-examination, Officer Kimtis explained that when he responded by asking the defendant "what took place," the defendant replied he did not "want to talk about anything." Officer Wright was asked no questions and gave no evidence about the circumstances in which the defendant made the statement.

The court denied the motion to suppress, finding the remark spontaneous, as claimed, and therefore admissible without any further finding, presumably in light of *Miranda*'s explanation that the admissibility of "volunteered statements" is not dependent on warnings of rights and their waiver. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). The defendant responds that the contradictory testimony about his willingness to answer questions at the police station precluded a finding beyond a reasonable doubt that he had waived his right to silence and agreed to answer questions. Assuming this to be so, however, the argument is beside the point in two respects.

First, the State has no burden to prove the statement spontaneous beyond a reasonable doubt, proof by a preponderance being sufficient. Although this court held in *State v. Gullick*, 118 N.H. 912, 915, 396 A.2d 554, 555 (1978) that *Miranda* warnings and waiver must be proven beyond a reasonable doubt when necessary to establish the admissibility of a defendant's statement, *cf. Colorado v. Connelly*, 107 S. Ct. 515, 523 (1986) (proof by preponderance sufficient under National Constitution), *Gullick* does not require proof beyond a reasonable doubt that a statement was spontaneous and therefore outside *Miranda*'s ambit. Nor has the defendant raised any claim under the State Constitution that might arguably invite the extension of *Gullick* that his argument presupposes.

Second, quite regardless of the standard of proof, there is no contradictory evidence as to the spontaneity of the statement in question. Although the testimony may have left the issue of waiver beyond hope of any certain resolution, the entire evidence for the spontaneity of the statement was the testimony of Officer Kimtis. He said the defendant's exclamation followed the colloquy on warnings and waiver and preceded his own request to tell what had happened, which the defendant declined to do. The record contains no indication that the defendant's remark followed either express questioning or the functional equivalent of interrogation described in *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). *See State v. Lewis*, 129 N.H. 787, 795–96, 533 A.2d 358, 363–64 (1987). Consequently, there were no evidentiary contradictions to be resolved, and no dispositive impediments to believing the witness.

There being nothing unreasonable in the factual determination of spontaneity, the ruling of admissibility will stand.

*Affirmed.*

All concurred.