Keene Municipal Court,
No. 4850.

STATE *v.* JOHN E. DOUGLAS.

Argued June 7, 1960.

Decided June 27, 1960.

526

*Louis C. Wyman*, Attorney General, *William J. O'Neil*, Assistant to the Attorney General, and *Arthur Olson, Jr.*, county attorney (*Mr. O'Neil* orally), for the State.

*William D. Tribble* (by brief and orally), for the defendant.

WHEELER, J. The principal contention of the defendant is that the State's evidence is insufficient to establish the *corpus delicti* of the offense charged because it must be considered independently of any extrajudicial admission of the defendant in determining whether the State's evidence is sufficient to establish his guilt beyond a reasonable doubt.

The defendant relies upon the great weight of authority which holds that an extrajudicial confession, standing alone, is insufficient to establish guilt. With this general rule the State does not disagree, but the State does contend that the admission of the defendant, taken in connection with other evidence, was sufficient here to establish the *corpus delicti*.

We are of the opinion that the authorities cited by the defendant do not support his contention that supporting evidence must be considered *independently* of the extrajudicial confession or admission in order to establish the *corpus delicti* of the offense charged. These authorities stand for no more than the proposition that in order to support a conviction the admission or confession must be "corroborated" by independent evidence. The great weight of authority supports the State's position. 127 A. L. R. 1130, 1138; *State* v. *LaLouche*, 116 Conn. 691.

When the officer arrived at the scene, the defendant's car was against a telephone pole with the defendant standing by. It was mute evidence, nothing to the contrary appearing, from which it could be found that immediately prior to the collision with the pole it had been operated upon Marlboro Street which was stipulated to be a public highway. The evidence warranted a finding that the defendant was intoxicated immediately after the accident. With the testimony of the officer and the doctor that the defendant

admitted he was operating the motor vehicle at the time of the accident, there was sufficient evidence to establish guilt beyond a reasonable doubt.

*Exceptions overruled.*

All concurred.