Grafton,
No. 5946.

STATE

*v.*

JOSEPH CHARLES GEORGE.

Argued September 3, 1969.
Decided September 30, 1969.

*George S. Pappagianis,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General (*Mr. Spaloss* orally), for the State.

*Charles F. Leahy* (by brief and orally), for the defendant.

GRIFFITH, J.   Defendant Joseph Charles George was convicted by a jury on June 3, 1963 of the crime of incest and sentenced to not more than 15 years and not less than 12 years in State Prison. No appeal was taken following the trial before *Grimes,* J. but on January 15, 1969 a motion to permit a late appeal was granted by *Loughlin,* J. who reserved and transferred the defendant's exceptions.

The defendant was arrested on January 11, 1963 and charged with having carnal knowledge of his daughter, Ramona Jean George. On that date he signed a five-page statement in which he confessed to having intercourse that morning with Ramona Jean but denied that she was his daughter. The detailed statement set forth that he had been living with Ramona Jean George for some years and that she had given birth to three children during this period.

The defendant first claims that the confession was improperly admitted into evidence. The Trial Court heard evidence on the manner in which the statement was obtained, without the presence of the jury, and after finding that it was voluntary and admissible submitted it to the jury with proper instructions that they should not consider it as evidence unless they found it to be voluntary. *State* v. *Reed,* 106 N. H. 140, 144; *Jackson* v. *Denno,* 378 U. S. 368.

Defendant concedes that the standard to be applied in determining the admissibility of defendant's statement is the rule in existence prior to the decisions of the United States Supreme Court in *Escobedo* v. *Illinois,* 378 U. S. 478 (1963) and *Miranda* v. *Arizona,* 384 U. S. 436 (1965) since *Johnson* v. *New Jersey,* 384 U. S. 719 (1966) and *Jenkins* v. *Delaware,* 395 U. S. 213 (1969) provided that the *Escobedo* and *Miranda* rulings would not be applied retroactively.

The testimony relating to the taking of the statement warranted a finding that the defendant was informed of his right to counsel, his right to remain silent and that anything he said could be used against him. Defendant himself agreed that he knew he did not have to make the statement and that nothing the police

said to him caused him to make the statement. The Trial Court quite properly found the statement was voluntary under the rule then in effect. *State* v. *Lavallee,* 104 N. H. 443; *State* v. *Reed, ibid; State* v. *Santos,* 107 N. H. 490.

The defendant contends that his conviction rests upon his uncorroborated statement and therefore must be set aside. There was sufficient independent evidence that defendant's denial that he was the father of Ramona Jean was untrue. The admissions contained in his statement related solely to sexual intercourse with Ramona Jean. She was examined by counsel outside of the presence of the jury and refused to testify on advice of her personal counsel. She was however present during the trial and was identified by her mother. Both counsel for the defendant and the State mentioned in their argument that she was visibly pregnant. Defendant admonished Ramona Jean at the time of his arrest to remain quiet since they had "beat this rap once and we will again." There was evidence independent of the defendant's statement that at the time of his arrest he was living with Ramona Jean in a one-bedroom apartment. Ramona Jean's mother testified that the defendant had lived with Ramona Jean and other testimony of hers corroborated the defendant's admissions.

The requirement that a confession be corroborated was unknown in English common law but in the majority of states now seems firmly established either by judicial rule or statute. 2 Wharton's Criminal Evidence 12th *ed., s.* 394; Corroboration of Confessions in Federal and Military Trials, Ackroyd, 8 Villanova L. Rev. 64; Annot. 45 A.L.R. 2d 1316. Justification for the rule lies in the prevention of conviction of the innocent by false confession however motivated. Logically therefore, there need be only sufficient corroboration to indicate that the confession or admission is trustworthy. This does not require proof of the crime by evidence independent of the confession or admission. It does require substantial independent evidence indicating that the admission of the defendent is true.

If the Trial Court properly determined that there was sufficient independent evidence that the defendant's admissions could be found to be true then the jury was entitled to determine his guilt or innocence on the basis of all the evidence, including his confession or admission. *Wong Sun* v. *United States,* 371 U. S. 471; *Smith* v. *United States,* 348 U. S. 147; *Opper* v. *United States,* 348 U. S. 84. In the present case the independent evidence

534

that the defendant was living with Ramona Jean, visible evidence of her pregnancy, and his spontaneous admonition to her provided ample evidence that his admissions of his relations with Ramona Jean were true. *State* v. *Douglas,* 102 N. H. 525; *State* v. *Pickard,* 104 N. H. 11.

The defendant excepted to the failure of the Trial Court to charge the jury that all elements of the offense established by admission alone must be corroborated. Since all elements of the offense established by admission need not be corroborated if there is substantial evidence tending to establish the trustworthiness of the admission this instruction was properly refused. *Smith* v. *United States, supra.*

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.