Strafford
No. 7263

STATE OF NEW HAMPSHIRE

v.

JOHN HANLEY

April 30, 1976

*Warren B. Rudman,* attorney general, and *Peter W. Heed,* attorney (*Mr. Heed* orally), for the State.

*Keefe & Dunnington (Mr. Thomas C. Dunnington, Jr.* orally) for the defendant.

LAMPRON, J. Indictment for attempted burglary. RSA 629:1; RSA 635:1. Trial by jury resulting in a verdict of guilty. Defendant's exceptions, including that to the denial of his motion to set aside the verdict as being contrary to law and against the weight of the evidence, were reserved and transferred by *Douglas,* J. The issue on appeal is whether the evidence offered against the defendant was sufficient to justify the submission of the case to the jury and to support the verdict.

On Sunday morning November 24, 1974, Sergeant Loomis was on duty at the Rochester Police Station. At 7:25 a.m. an electrical apparatus in the station emitted a beeping sound and displayed a

flashing light indicating that a silent alarm at the rear door of the Rochester Savings and Trust Company had been activated. This alarm secured double doors which opened on a flight of stairs leading down to a basement in which the bank stored records. The main offices are situated in an adjacent building which cannot be reached from this doorway. When these doors are opened without a key an electric circuit is broken thus activating the alarm which can be reset at the station when the doors are secured. This in turn reactivates the continuous electrical circuit.

Upon hearing the alarm, the sergeant immediately dispatched two officers to the scene. Within seconds thereafter the alarm stopped sounding at the station and it was reset back to normal. However, between 7:26 and 7:27 a.m. the alarm went off a second time. Officer Horne who was answering the first alarm, and had been told of the second, testified that he entered an alleyway leading to the rear doors of the bank and observed the defendant standing with his back to the doorway. He observed that the defendant's left foot was several feet from the doors and his left arm was extended and swung back in the direction of the doors which were ajar approximately one inch. The officer saw no one else in the alleyway. There was evidence that the doors could easily be forced open without damaging the lock by administering a sharp blow to the center of them.

Investigation revealed that the alarm was in proper operating order and that the lock on the doors was undamaged. A heel print on the surface of the doors was found to match defendant's right boot. When asked by the officer for an explanation of his presence at the rear of the bank, defendant stated he was there to "relieve" himself. He was then placed under arrest and brought to the station. Captain Stone explained to the defendant that he had been arrested for allegedly breaking into the bank by kicking in the door. Stone testified that defendant's reply was "I didn't kick in the door, I just rested my foot on it. What would I want to break in there for anyway, there's nothing but records down there." There was testimony by the treasurer of the bank and by Stone that, due to the construction of the rear staircase and basement in question, a person standing at the top of the stairs or looking in the doorway could not see the records stored below. According to the testimony of both men, those records were only visible from the foot of the staircase.

The State had the burden of proving beyond a reasonable doubt the essential elements of the attempted burglary, that is, a

substantial step by the defendant towards an unauthorized breaking and entering of the bank building coupled with the specific intent to commit a crime therein. RSA 629:1; RSA 635:1; *see State v. Warren,* 114 N.H. 196, 317 A.2d 566 (1974); *State v. Reed,* 114 N.H. 377, 321 A.2d 581 (1974). Defendant argues that there is no evidence of a breaking and entering in the bank apart from his statement to Captain Stone as to "the records down there", which was admitted in evidence without objection. Since, under the rule prevailing in this State, a conviction cannot be supported by an uncorroborated out-of-court admission of the accused, defendant maintains the verdict must be set aside. *State v. George,* 109 N.H. 531, 257 A.2d 19 (1969); *State v. Douglas,* 102 N.H. 525, 162 A.2d 159 (1960); R. Perkins, Criminal Law 97 (2d ed. 1969); *see* Annot., 45 A.L.R.2d 1316 (1956).

"Justification of the [above] rule lies in the prevention of conviction of the innocent by false confession however motivated. Logically therefore, there need be only sufficient corroboration to indicate that the confession or admission is trustworthy. This does not require proof of the crime by evidence independent of the confession or admission. It does require substantial independent evidence indicating that the admission of the defendant be true." *State v. George,* 109 N.H. at 533, 257 A.2d at 21. Defendant's admission must be considered with the other evidence introduced at the trial. The two alarms; the proximity of the defendant to the doors which were ajar; the absence of anyone else nearby; the matching heel print on the doors; the testimony that the presence of the records could only be observed by one at the foot of the stairs, considered together with defendant's statement, constituted sufficient evidence to warrant submitting the case to the jury which could find beyond a reasonable doubt that the defendant attempted an unauthorized breaking and entering of the bank building. *State v. Wills,* 107 N.H. 107, 218 A.2d 47 (1966).

*Exceptions overruled.*

All concurred.