Hillsborough
No. 82-164

### THE STATE OF NEW HAMPSHIRE

v.

### CHARLES ZYSK

July 13, 1983

482

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief, and *Edna M. Conway*, attorney, orally), for the State.

*Concemi & Wight*, of Lawrence, Massachusetts (*Stephen W. Wight* on the brief and orally), for the defendant.

KING, C.J. The defendant, Charles Zysk, appeals his convictions for burglary, RSA 635:1, and theft by unauthorized taking or

transfer, RSA 637:3, arising from the burglary of AAmco Transmission (AAmco) in Manchester.

On September 19, 1980, the defendant went to AAmco in Manchester in an effort to regain his job as transmission rebuilder. While he was at the shop, he discovered that a tool box which he had left at the shop had been forced open and that certain of his tools were missing. That evening, AAmco was burglarized. A set of "Snap-On" auto mechanic tools in a roll-away chest and a set of transmission rebuilding tools in a chest without wheels were taken.

On January 12, 1981, the defendant telephoned the Manchester Police Station and told a police officer that he wished to talk with the officer about the AAmco burglary. The defendant then asked his brother to drive him to the police station. When he arrived at the station, the defendant was advised of his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966), and then confessed to the AAmco burglary. The defendant's statement was recorded and typed, and was signed by the defendant. The defendant was then arrested.

The defendant's trial for burglary and theft was scheduled for September 14, 1981. The State filed a motion for a continuance due to the absence of a material witness from the State, and the motion was granted. The trial was rescheduled for December 2, 1981. Counsel for the defendant then moved to dismiss for lack of a speedy trial, but the motion was denied. Another continuance was granted in December 1981, because both the trial judge and defense counsel were scheduled to participate in another trial on that date. The trial was rescheduled for March 2, 1982.

Prior to the defendant's trial on that date, counsel for the defendant filed a second motion to dismiss for lack of a speedy trial, but this motion was also denied. Defense counsel also filed a pretrial motion to suppress the defendant's confession, claiming that the defendant had not validly waived his *Miranda* rights because he was intoxicated, and that his confession was involuntary. The Superior Court (*Goode*, J.) found that the defendant had knowingly and voluntarily waived his rights and denied the motion. After a jury trial, the defendant was found guilty of both charges. On appeal, he claims that the State's delay in bringing him to trial violated his right to a speedy trial guaranteed by the Federal and State Constitutions. *See* U.S. CONST. amends. VI, XIV; N.H. CONST. pt. I, art. 14. He argues that the trial court erred in denying the motion to suppress his confession, and that the State failed to introduce sufficient independent evidence to corroborate his confession. Finally, he challenges the court's instructions to the jury on reasonable doubt and circumstantial evidence. We affirm.

■ In order to determine whether the defendant's right to a speedy trial under the Federal Constitution has been violated, we must balance the conduct of the State against the conduct of the defendant in terms of four factors identified by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). These factors are the length of the delay, the reason for the delay, the defendant's assertion of his rights, and the prejudice to the defendant. *Id.* at 530. We apply this same analysis in determining whether a defendant's right to a speedy trial guaranteed by the New Hampshire Constitution has been violated. *State v. Perron*, 122 N.H. 941, 950, 454 A.2d 422, 427 (1982).

■ The length of the delay is not necessarily the determinative factor in evaluating whether there has been a violation of the defendant's right to a speedy trial. *See Barker v. Wingo*, 407 U.S. at 530–33. It is the "triggering mechanism" for consideration of the other three factors. *Id.* at 530; *see State v. Quinlan*, 122 N.H. 51, 53, 440 A.2d 13, 14 (1982).

■ In its brief, the State indicates that even though there was an eight-month delay from the time of arrest to the original trial date, the trial was scheduled for as early a date as was possible. It is clear from *Barker* that while a delay which is attributable to overcrowded courts is weighed against the government, it is weighed less heavily than a deliberate attempt to delay the trial. *Barker v. Wingo*, 407 U.S. at 531. The first continuance was granted because of the unavailability of a material witness and resulted in a delay of more than two months. *Barker* indicates that a missing witness is a valid reason to delay a trial, however. *Id.* Thus, we disagree with the defendant's contention that this delay should be weighed against the State. The second continuance was also justifiable because both the trial judge and defense counsel were scheduled to participate in another trial on the same date as the defendant's trial was scheduled. Because the continuance was granted, in part, to accommodate a scheduling conflict of defense counsel, the reason for this delay should not be weighed against the State.

■■ This court puts substantial emphasis on the last two factors identified by the Supreme Court—whether the defendant asserted his right to a speedy trial, and the prejudice to the defendant. *State v. Perron*, 122 N.H. at 951, 454 A.2d at 427. In this case, the defendant did not assert his right to a speedy trial until the first continuance was granted. The failure to assert his right during this eight-month period does not constitute a waiver of the right to a speedy trial, *Barker v. Wingo*, 407 U.S. at 528, but it is a factor to be

considered in determining whether the defendant was deprived of that right. *Id.* at 531–32. The defendant's failure to assert his right during this period must be weighed against him. He did not reassert his right to a speedy trial when the second continuance was granted, but he reasserted it only on the day his trial began.

■ The final factor to be considered is the prejudice to the defendant caused by the delay. The defendant alleges that he was unable to lead a normal life during the thirteen-month period between his arrest and trial. While being unable to lead a normal life may be prejudicial to the defendant, *see State v. Cole*, 118 N.H. 829, 831, 395 A.2d 189, 190 (1978); *State v. Perron*, 122 N.H. at 951, 454 A.2d at 427, the State points out that the defendant was not incarcerated during this thirteen-month period and was employed prior to trial. The defendant also alludes to some memory loss, but he has not explained the prejudicial effect of such memory loss. *Id.*, 454 A.2d at 427–28. We have previously stated that "[t]he passage of time, and the resulting impairment of memories, . . . is not a sufficient basis 'to wrench the Sixth Amendment from its proper context.'" *State v. Little*, 121 N.H. 765, 773, 435 A.2d 517, 522 (1981) (citation omitted).

■ Balancing these four factors, we conclude that the defendant's right to a speedy trial has not been violated. While the length of the delay is not insubstantial, this deficiency is outweighed by two counterbalancing factors. The reasons for the delay were justifiable, and the defendant has shown little, if any, prejudice. The defendant did assert his right to a speedy trial after eight months, and again before his trial began, but we do not consider this sufficient to find a denial of his right to a speedy trial, since both continuances after the original trial date were justifiable.

■ ■ The defendant contends that the court erred in denying his motion to suppress his confession. He claims that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights because he was intoxicated at the time of his confession. Before the State can introduce a defendant's statement into evidence, the State must prove beyond a reasonable doubt that the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights. *State v. Bushey*, 122 N.H. 995, 999, 453 A.2d 1265, 1267 (1982); *State v. Goddard*, 122 N.H. 471, 473, 446 A.2d 456, 457 (1982). One's mental and physical conditions are crucial in determining whether a knowing, intelligent, and voluntary waiver has occurred. *State v. Noel*, 119 N.H. 522, 525, 404 A.2d 290, 292 (1979).

 In this case, there was conflicting testimony about the defendant's sobriety. Both the defendant and his brother testified that the defendant was intoxicated when he arrived at the police station. On the other hand, the two police officers who took the defendant's statement testified that he showed no signs of intoxication. They also testified that he signed a written waiver of his *Miranda* rights. After a hearing on the motion to suppress, the court found that the defendant had validly waived his *Miranda* rights. Assuming for purposes of this discussion that *Miranda* warnings were required prior to the defendant's confession, there was sufficient evidence to support the judge's finding that the defendant knowingly, intelligently and voluntarily waived his *Miranda* rights; therefore, we will not disturb this finding. *See State v. Noel,* 119 N.H. at 526–27, 404 A.2d at 292–93. For the same reason, there was sufficient evidence to support the court's finding that the confession was voluntary.

 The defendant contends that the State failed to introduce sufficient independent evidence to establish the trustworthiness of his confession, and that as a result his conviction must be set aside. New Hampshire law requires a confession to be corroborated in order to prevent the conviction of an innocent person who has falsely confessed. *State v. George,* 109 N.H. 531, 533, 257 A.2d 19, 20–21 (1969). Proof of the crime by evidence independent of the confession is not necessary. There need only be sufficient corroboration to indicate that the confession is trustworthy. *Id.,* 257 A.2d at 21; *see State v. Hanley,* 116 N.H. 235, 237, 356 A.2d 687, 688 (1976).

 In his confession, the defendant stated that he had stolen the tools because he was angry about the fact that he could not find certain of his own tools that he had left at the shop. The State introduced evidence to show that the defendant had, in fact, been angry about his missing tools on the day of the burglary. The defendant also indicated in his confession that he had entered AAmco through the rear door, which was unlocked on the night of the burglary. The State introduced evidence to show that the rear door was often unlocked. The State also introduced evidence to show that the burglary had actually occurred, which corroborated the defendant's statement that he had committed the burglary. All of this evidence taken together was sufficient to corroborate the trustworthiness of the defendant's confession.

 The defendant challenges two parts of the court's instructions to the jury. In charging the jury on reasonable doubt, the court gave the instruction prescribed in *State v. Wentworth,* 118

N.H. 832, 838–39, 395 A.2d 858, 862–63 (1978). After completing this instruction, the court added: "In other words, to justify a conviction in this case the evidence must be sufficient to eliminate from the minds of the Jury all reasonable doubt as to the guilt of this defendant." We have asked our trial judges numerous times not to change the *Wentworth* charge. *See, e.g., State v. Langdon*, 121 N.H. 1065, 1067–68, 438 A.2d 299, 300 (1981); *State v. Aubert*, 120 N.H. 634, 638, 421 A.2d 124, 127 (1980). We take this opportunity, *once again*, to remind trial judges not to add to the language of *Wentworth* because it only leads to needless litigation. We do not believe, however, that the court's addition to the *Wentworth* charge in this case constituted error. Viewed in its entirety, the court's charge fairly covered the law as to reasonable doubt. *See State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982).

The defendant also challenges the court's instruction regarding circumstantial evidence. The trial judge instructed the jury that it could convict the defendant based on circumstantial evidence if all such evidence "taken together along with any other evidence convince you beyond a reasonable doubt of the guilt of the defendant," and if all such evidence "taken together with reasonable, legitimate inferences to be drawn therefrom . . . exclude every reasonable theory." The court added:

> "If you believe there is some evidence offered to you in the case upon which the defendant may be innocent, if you believe that evidence, then that would break the chain of circumstantial evidence. However, neither the lack of an eyewitness is fatal to the State's case, when other evidence establishes guilt for you beyond a reasonable doubt."

The defendant contends that the language had the effect of shifting the burden of proof to the defendant. We disagree. Viewed in its entirety, the court's instruction on circumstantial evidence properly indicated that the State had the burden of proving beyond a reasonable doubt that the defendant was guilty.

*Affirmed.*

All concurred.