Sullivan
No. 98-299

THE STATE OF NEW HAMPSHIRE

v.

NICK MILLER

January 16, 2001

*Philip T. McLaughlin*, attorney general (*Philip B. Bradley*, attorney, on the brief, and *Ann M. Rice*, senior assistant attorney general, orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Nick Miller, was convicted after a jury trial in Superior Court (*Morrill*, J.) of operating a motor vehicle after being certified as a habitual offender. *See* RSA 262:23 (1993). He appeals the trial court's denial of his motion to dismiss on the basis that his uncorroborated confession was insufficient evidence upon which to base his conviction. We affirm.

The following facts are supported by the evidence. In September 1997, the New Hampshire Fish and Game Department received an anonymous tip that the defendant had illegally taken a moose near Keene. On September 19, United States Fish and Wildlife Service agents questioned the defendant about the allegation. During their conversation, the defendant admitted that he went to New Hampshire on September 16 to scout bear hunting areas. While there, he encountered some individuals who were looking for a moose that had been struck by a vehicle. The defendant helped them find the moose and took moose meat and the moose head back to Massachusetts. The agents told him that he faced various State and federal charges for these actions. During this conversation, the defendant insisted that he had traveled to New Hampshire alone.

After his conversation with the federal agents, the defendant spoke with New Hampshire Conservation Officer Claude Dumont at his Keene office. He told Officer Dumont the details of the incident, again insisting that he traveled to New Hampshire alone on September 16.

At trial, the defendant stipulated to his habitual offender status. Thus, the only issue was whether the defendant drove on September 16. *See* RSA 262:23. The State produced only one witness, Officer Dumont, who testified to the defendant's admission that he drove to New Hampshire on September 16.

At the close of the State's case, the defendant moved to dismiss, arguing that Officer Dumont's testimony of the defendant's uncor-

roborated confession was insufficient for a jury to convict. The trial court denied the motion.

In the defendant's case-in-chief, he testified that his girlfriend had driven him to New Hampshire on September 16, and that he had lied earlier when he stated that he had driven to New Hampshire alone because he did not want to implicate his girlfriend in criminal activity. The defendant's girlfriend corroborated his testimony. The jury convicted the defendant, and this appeal followed.

The defendant argues that the evidence was insufficient to establish that he committed the charged offense because the State's only evidence was his uncorroborated admission to Officer Dumont. The defendant suggests that in reviewing the sufficiency of the evidence we must limit our review to the evidence presented in the State's case-in-chief.

■ When determining the sufficiency of the evidence raised by a motion to dismiss at the close of the State's case, however, "[w]e review the entire trial record because, even though the defendant is not required to present a case, if he chooses to do so, he takes the chance that evidence presented in his case may assist in proving the State's case." *State v. Pittera*, 139 N.H. 257, 260, 651 A.2d 931, 933 (1994). Thus, we will consider the entire record in determining whether the defendant's confession was sufficiently corroborated.

■ An accused may not be convicted on the basis of an uncorroborated confession or admission alone. *State v. George*, 109 N.H. 531, 533, 257 A.2d 19, 20 (1969). Where a conviction rests solely upon the defendant's confession, there must exist "substantial independent evidence indicating that the admission of the defendant [is] true." *State v. Hanley*, 116 N.H. 235, 237, 356 A.2d 687, 688 (1976) (quotation omitted). The purpose of this rule is to prevent the conviction of an innocent individual by false confession, whatever the motive for the confession. *State v. Zysk*, 123 N.H. 481, 487, 465 A.2d 480, 483 (1983).

Jurisdictions differ, however, on the facts to which the corroborative evidence must relate. *See* 7 J. WIGMORE, EVIDENCE § 2071, at 395-97 (3d ed. 1940 & Supp. 1991); *see also* Annotation, *Corroboration of Extrajudicial Confession or Admission*, 45 A.L.R.2D 1316 (1956) (hereinafter *Corroboration of Confession*). A majority of courts have held that the corroboration requirement is met only if the corroborative evidence relates to or tends to establish the *corpus delicti* — that is, the objective proof that a crime has been committed. *See Corroboration of Confession*, *supra* § 7(a) at 1327-28; WIGMORE, *supra* § 2071, at 397. A minority of jurisdictions,

however, have held that the corroborative evidence may relate to any collateral facts in the confession, so long as the evidence tends to establish the truthfulness of the confession. *See Corroboration of Confession, supra* § 7(a) at 1329; WIGMORE, *supra* § 2071, at 395-96; *Smith v. United States*, 348 U.S. 147, 156 (1954).

The defendant requests that we adopt the majority approach and require that the corroborative evidence at least be related to the charged offense and provide evidence of the injury or loss that forms the gravamen of the offense. He argues that his confession was insufficiently corroborated because the corroborative facts relate only to his presence in New Hampshire on September 16 — a fact that is not in dispute. The defendant argues that the corroborative evidence must, instead, relate to the *corpus delicti* or the question of whether he was, in fact, driving on September 16.

We decline this invitation, however, because our prior holdings are most consistent with the minority approach. We have held that when the State relies upon a defendant's confession for conviction, the confession must be sufficiently corroborated by independent evidence to establish its trustworthiness, but that the corroborative evidence need not provide independent "[p]roof of the crime." *Zysk*, 123 N.H. at 487, 465 A.2d at 483; *see also Hanley*, 116 N.H. at 237, 356 A.2d at 688; *George*, 109 N.H. at 533, 257 A.2d at 21 (citing *Smith v. United States*, 348 U.S. 147). We note, however, that the degree to which the corroborative evidence relates to the *corpus delicti* may, in certain circumstances, be an important factor for the court to consider. Applying this standard to the evidence in this case, we conclude that the jury had substantial independent evidence upon which to conclude the defendant's confession was trustworthy.

The defendant's girlfriend testified that she awoke at 4:00 a.m. on September 16 to drive the defendant to New Hampshire to scout for bear. She and the defendant did not return to Massachusetts until after 6:00 p.m. She testified that she had no particular business in New Hampshire, but that she accompanied the defendant to have a picnic with him. She also testified that the defendant left her alone in the car twice for one and a half hours, once for an hour, and twice for fifteen to twenty minutes. With the exception of a visit to their former neighbors' house during which she walked up the road, she stated that she occupied herself by reading magazines, listening to music, and sleeping.

The defendant's girlfriend further testified that while in New Hampshire she drove the defendant to visit their former neighbors whom they had not seen since moving to Massachusetts one year

earlier. Their former neighbors both testified, however, that they did not see the defendant's girlfriend during their twenty-minute visit with the defendant despite the fact that they spent time in their driveway talking with the defendant and looking at his moose rack in the car.

The defendant's girlfriend testified that she went to visit her old trailer rather than visit her former neighbors because she was allergic to their pets. She also stated that she visited her former residence because she had left items behind when she and the defendant had moved out and she thought some of the items might be there.

█ Based on this testimony, the jury could have reasonably concluded that the neighbors' observations independently corroborated the defendant's admission that he had driven the car and undermined the girlfriend's testimony to the contrary. On this basis, we conclude that there was substantial independent evidence to establish the trustworthiness of the defendant's confession which would satisfy either the majority or minority test.

Issues raised in the defendant's notice of appeal but not addressed in his brief are waived. *See State v. Dorval*, 144 N.H. 455, 458, 743 A.2d 836, 839 (1999).

*Affirmed.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.