**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0014, <u>State of New Hampshire v. Brian Fellers</u>, the court on September 18, 2015, issued the following order:**

Having considered the brief, the memoranda of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Brian Fellers, appeals his conviction in Circuit Court (<u>Bamberger</u>, J.), following a bench trial, on the charge of disorderly conduct. <u>See</u> RSA 644:2, III(b) (2007). He contends that: (1) he was denied his right to a speedy trial under the State and Federal Constitutions; and (2) the evidence was insufficient to support his conviction.

We first address the defendant's speedy trial claim under our State Constitution and cite federal cases for guidance only. <u>State v. Brooks</u>, 162 N.H. 570, 581 (2011). In determining whether a defendant's right to a speedy trial has been violated under the State Constitution, we apply the four-part test articulated in <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972). <u>Brooks</u>, 162 N.H. at 581. This test requires us to balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant caused by the delay. <u>Id</u>. We defer to the trial court's factual findings unless those findings are clearly erroneous and consider the court's conclusions of law with respect to those factual findings <u>de novo</u>. <u>Id</u>.

The period of delay considered for purposes of analyzing a defendant's speedy trial claim begins to run when he is arrested or charged, whichever comes first. <u>Id</u>. In this case, the State concedes that the ten month delay between the defendant's arrest and his trial was presumptively prejudicial. <u>See</u> <u>State v. Allen</u>, 150 N.H. 290, 294 (2003) (holding when defendant charged with misdemeanor is not in jail, pretrial delay of fewer than six months not presumptively prejudicial).

However, the length of the delay is not necessarily the determinative factor in evaluating whether there has been a violation of the defendant's right to a speedy trial. <u>State v. Zysk</u>, 123 N.H. 481, 485 (1983). Rather, it is the "triggering mechanism" for consideration of the other three factors. <u>Id</u>. In balancing delay against the other factors, we are mindful that the right to a speedy trial is relative, and must be considered with regard to the practical administration of justice. <u>State v. Bernaby</u>, 139 N.H. 420, 422 (1995); <u>cf</u>. <u>Brooks</u>, 162 N.H. at 581, 584 (holding thirty-two month delay did not deprive defendant of right to speedy

trial); State v. Locke, 149 N.H. 1, 9, 10 (2002) (holding fifty-five month delay did not deprive defendant of right to speedy trial); Bernaby, 139 N.H. at 421, 422, 423 (holding thirty-eight month delay did not deprive defendant of right to speedy trial).

The second Barker factor – the reason for the delay – requires us to assess why the trial was delayed, to which party the delay is attributable, and how much weight to give the delay. Brooks, 162 N.H. at 582. If the delay was caused by the defendant, it does not count against the State at all. State v. Eaton, 162 N.H. 190, 196 (2011). If the delay is attributable to the vicissitudes of scheduling, it does not weigh heavily against the State. Brooks, 162 N.H. at 582 (stating delay due to lack of opening in court schedule did not weigh heavily against State).

In this case, although the defendant argues that he did not cause the delay, the record demonstrates otherwise. The defendant was arrested on February 8, 2014, and his trial was scheduled for June 18. Less than two weeks before the trial, the defendant informed the trial court, by letter, that he intended to call twenty-eight witnesses. We note that he, in fact, called only four. At the June 18 hearing, the State was prepared to proceed with trial. However, the trial court stated that a trial with that many witnesses required a pretrial hearing and, furthermore, it could not accommodate a lengthy trial that day. The defendant did not object or refer to his right to a speedy trial. See State v. Dufield, 119 N.H. 28, 30 (1979) (stating although defendant who fails to demand speedy trial does not forever waive his right, "failure to assert the right will make it difficult for the defendant to prove that he was denied a speedy trial"). Instead, he agreed with the trial court's decision to reschedule the trial to December 9, which was the first date available that worked for the parties. Accordingly, we conclude that the second factor does not weigh against the State. See Brooks, 162 N.H. at 582.

We next consider the third and fourth Barker factors, upon which we place substantial emphasis. See Brooks, 162 N.H. at 582. Under the third factor, we consider the strength of a defendant's assertion of his right to a speedy trial. Id. "The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.'" Id. (quoting Barker, 407 U.S. at 531-32).

In this case, the defendant argues that he did not assert his right to a speedy trial at the June 18 hearing because the trial court informed him that he did not have the right to make formal objections at that time. However, the record shows that the defendant agreed with the trial court's decision to schedule a pretrial hearing and to reschedule the trial to December 9. Furthermore, he had ample opportunity to assert his right to a speedy trial at the pretrial hearing, but failed to do so. Instead, the defendant did not assert his right to a speedy trial until approximately one month before the December 9 trial date. The defendant does not cite, nor are we aware of, any authority for his argument that

the trial court "should have advised [him] of his right to a speedy trial and requested its waiver prior to setting the court date." Accordingly, we conclude that this factor does not weigh heavily in his favor.

The final Barker factor requires us to determine whether and to what extent the defendant suffered prejudice. See id. at 583. "[T]he passage of time, and the resulting impairment of memories, is insufficient to establish prejudice." Eaton, 162 N.H. at 198 (quotation and brackets omitted). Although we typically require a defendant to demonstrate actual prejudice from a delay to prevail on a speedy trial claim, when a defendant does not – or cannot – articulate the particular harm caused by delay, we inquire whether the length and reason for the delay weigh so heavily in the defendant's favor that prejudice need not be specifically demonstrated. Locke, 149 N.H. at 8. Analysis of the prejudice factor also requires examination of the State's actions because if the State pursues a defendant with "reasonable diligence," then a speedy trial claim is likely to fail, regardless of the length of delay, as long as the defendant cannot show specific prejudice to his defense. Id. at 9.

In this case, the defendant argues only that he was prejudiced by witnesses' "memory lapses." This is insufficient, alone, to establish prejudice. See Eaton, 162 N.H. at 198. The length of the delay and the reason for it do not weigh heavily in the defendant's favor. Furthermore, the record demonstrates that the State pursued him with reasonable diligence. Thus, he must articulate the particular harm caused by the delay and has failed to do so. See Locke, 149 N.H. at 9.

Accordingly, after balancing the Barker factors, we conclude that the defendant's right to a speedy trial under the State Constitution was not violated. Because the Federal Constitution is no more protective of the defendant's rights than the State Constitution under these circumstances, see Brooks, 162 N.H. at 584; Barker, 407 U.S. at 530, we reach the same conclusion under the Federal Constitution.

We next address the sufficiency of the evidence. To prevail, the defendant must demonstrate that no rational trier of fact, viewing all the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Biondolillo, 164 N.H. 370, 376 (2012). A person is guilty of disorderly conduct, pursuant to RSA 644:2, III(b), if "[h]e purposely causes a breach of the peace, public inconvenience, annoyance or alarm . . . by [ ] [d]isrupting the orderly conduct of business in any public or government facility."

The evidence establishes that during the public deliberative session: (1) "the Defendant spoke repeatedly without being recognized"; (2) the moderator requested him to stop on multiple occasions; (3) the moderator warned him that, if he continued to interrupt, he would be asked to leave; (4) the defendant was then advised that if he interrupted the proceeding one more time, "he would have

to leave"; (5) the defendant was asked to leave after approximately three hours; (6) when the moderator directed him to leave, he failed to do so and had to be escorted out by the police chief; (7) as he was escorted through the room, he "sang" a patriotic song very loudly; and (8) as he left, people turned to watch him and some clapped.

The defendant argues that the evidence does not support a finding that he disrupted the public meeting because: (1) no one was speaking while he was singing; (2) he sang for only twelve to fifteen seconds; (3) it was unclear if his singing or his removal caused the disruption; (4) his actions "were part of the parliamentary process"; and (5) "the Trial Court did not find the disruption affected the orderly conduct of business." However, none of these arguments compel a finding that he was not guilty of disorderly conduct. See State v. Silva, 158 N.H. 96, 102 (2008) (stating we assume trial court made all necessary findings to support its decision); State v. Comley, 130 N.H. 688, 690, 693 (1988) (stating disruption lasting one to one-and-a-half minutes sufficient to support disorderly conduct conviction under RSA 644:2, III(b)).

We conclude that a rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt. See Biondolillo, 164 N.H. at 376.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

4